OPINION
{¶ 1} On June 8, 2004, appellee, the Muskingum County Children Services Board, filed a complaint for permanent custody of Shanique Adrianna Woods aka Baby Girl Schrack born June 6, 2004, alleging the child to be dependent as she was born positive for cocaine. Mother of the child is Donna Schrack; father is Charles Woods. By judgment entry filed June 8, 2004, the trial court granted temporary custody of the child to appellee.
 {¶ 2} Appellant, Frankie Johannes, a cousin, sought consideration as a relative placement as she had permanent custody of the child's sibling, Larisha Johnson.
 {¶ 3} An adjudicatory and dispositional hearing was held on December 14, 2004. By judgment entry filed January 4, 2005, the trial court found the child to be a dependent child and awarded permanent custody of the child to appellee.
 {¶ 4} Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I {¶ 5} "THE TRIAL COURT ABUSED ITS DISCRETION WHEN DETERMINING THE BEST INTERESTS OF THE CHILD."
 II {¶ 6} "THE TRIAL COURT'S JUDGMENT WAS AGAINST THE MANIFEST WEIGHT AND SUFFCIENCY OF EVIDENCE."
 I, II {¶ 7} Appellant challenges the trial court's decision to award permanent custody of the child to appellee. Appellant claims the decision was not in the child's best interest and was against the manifest weight and sufficiency of the evidence. Appellant does not dispute that the child is a dependent child, but claims the trial court abused its discretion in not placing the child in her home as she is a family member.[1] We disagree.
 {¶ 8} In support of her argument, appellant cites the language of R.C. 2151.412(G)(2) which states the following:
 {¶ 9} "(G) In the agency's development of a case plan and the court's review of the case plan, the child's health and safety shall be the paramount concern. The agency and the court shall be guided by the following general priorities:
 {¶ 10} "(2) If both parents of the child have abandoned the child, have relinquished custody of the child, have become incapable of supporting or caring for the child even with reasonable assistance, or have a detrimental effect on the health, safety, and best interest of the child, the child should be placed in the legal custody of a suitable member of the child's extended family;"
 {¶ 11} Appellant argues the record supports the placement of the child with her as she is a member of the mother's family.
 {¶ 12} As appellant points out, the trial court did not address in its judgment entry the issue of placing the child in her custody. However, we do not find such an omission to be a fatal error in the trial court's decision.
 {¶ 13} From all the testimony of the experts, the caseworkers and appellant's family and friends, it is evident that appellant is a very giving and caring person. She places the needs of the two children in her custody and the elderly man she cares for above her own. Despite being the sole caregiver for two young children and the elderly man, a stroke victim suffering from depression and dementia, appellant manages a thirty hour a week job. T. at 272, 350.
 {¶ 14} Although the caseworkers have observed appellant's home as chaotic at times, it is undisputed the children in appellant's care are well provided for. T. at 27.
 {¶ 15} All of these observations must be weighed against the expert opinion of David Tennenbaum, a psychologist, and the two caseworkers involved with appellant. Clearly Dr. Tennenbaum is correct in his opinion that appellant has "a lot on her plate," and despite appellant's well meaning, she spreads herself too thin and expects too much from herself. T. at 28-29. Dr. Tennenbaum opined appellant will be intellectually pushing her limit and will be on overload with the addition of a third special needs child. T. at 30-31, 34.
 {¶ 16} These professional observations and conclusions are substantiated by the caseworkers. T. at 125. Carolyn Blackwood, the caseworker that completes kinship home studies, testified at times appellant had budgeting issues, and was unable to set parameters for the children and stick to them. T. at 118, 123. Melody Pound, an ongoing caseworker, concurred with Dr. Tennenbaum's analysis. She pointed out that appellant has permitted the parents of the child to stay in her home, has left mother in charge of all three children, and has permitted the children to be exposed to drug users. T. at 177-180, 200-201.
 {¶ 17} In determining if relative placement was appropriate, the trial court was forced to balance the professional observations against the facts presented. It is clear the trial court found the above cited testimony to be more persuasive and a more accurate view of the situation.
 {¶ 18} The "best interest" emphasis is not on the wishes of the parents or the desires of one seeking custody, but on the best interest of the child. R.C. 2151.414(A).
 {¶ 19} Upon review, we concur with the trial court that custody to appellee is the most appropriate disposition.
 {¶ 20} Assignments of Error I and II are denied.
 {¶ 21} The judgment of the Court of Common Pleas of Muskingum County, Ohio, Juvenile Division is hereby affirmed.
Farmer, J. Boggins, P.J. and Edwards, J. concur.
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Muskingum County, Ohio, Juvenile Division is affirmed.
[1] No evidence was presented to contradict appellee's testimony on dependency.